# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| MORRIS SCOTT HOLMES, | : | |
| Plaintiff, | : | |
| | : | NO. 5:10-CV-355 (CAR) |
| VS. | : | |
| GREGORY MCLAUGHLIN, and | : | |
| MR. PERRY | : | Proceedings Under 42 U.S.C. §1983 |
| | : | Before the U.S. Magistrate Judge |
| Defendants. | : | |

## ORDER AND RECOMMENDATION

Before the court are Plaintiff Morris Scott Holmes' Motion to Order Diagnosis and Treatment and Return of Exhibits (Doc. 12), Motion for Summary Judgment (Doc. 13), Motion for Default Judgment (Doc.14), as well as Defendant Perry's Motion to Dismiss (Doc.15) and Motion to Stay (Doc.16). These motions will be individually addressed.

### Motion to Order Diagnosis and Treatment and Return of Exhibits

In this motion, Plaintiff Holmes requests "the court to order diagnosis and treatment for the plaintiff's illness. And to return all exhibits submitted by Plaintiff to the court." In support of these requests, he explains that: 1) he has not received diagnosis or treatment for his illness; 2) the Defendants have not ordered diagnosis or treatment for his illness; 3) his health is deteriorating and he is in pain; 4) he needs the exhibits for future reference; and, 5) he will resubmit the exhibits upon a request by the court.

The Plaintiff's request for medical treatment is clearly an application for preliminary injunctive relief. Such relief is only appropriate where the movant demonstrates that: 1) there is a substantial likelihood of success on the merits; 2) the injunction is necessary to prevent irreparable injury; 3) the threatened injury outweighs the harm that the injunction would cause to the

1

non-movant; and 4) the injunction would not be adverse to the public interest.  Parker v. State Board of Pardons and Paroles, 275 F.2d 1032, 1035 (11th Cir. 2001).

Upon a review of the arguments proffered in support of the instant request for injunctive relief, it is apparent that the Plaintiff has failed to demonstrate that any of the above-enumerated requirements necessary for such relief to be granted have been met.  Plaintiff's claims in this case involve the alleged confiscation of personal property, and there are no allegations of deliberate indifference to serious medical needs in the Complaint.[1]  In his Motion to Order Diagnosis and Treatment, Plaintiff has not even hinted at the nature of his alleged illness.  Plaintiff has therefore failed to show a likelihood of success on the merits or the possibility of irreparable harm.  Accordingly, **IT IS RECOMMENDED** that his Motion be **DENIED**.  Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

As for the Plaintiff's request that his exhibits be returned, the Clerk is directed to mail a copy of the Complaint and any attachments to the Plaintiff.  In the future, the Plaintiff is advised that he should retain a copy of any documents he provides to the court or be prepared to pay the court's standard copy and mailing fees.

Motion for Summary Judgment and Motion for Default Judgment

In his Motion for Summary Judgment and in his Motion for Default Judgment, Plaintiff Holmes claims entitlement to judgment on account of the Defendants' failure to "plead or defend" against his civil action.  The plaintiff is mistaken.  The record in this case indicates that, to date, service has only been ordered upon one defendant - Mr. Perry.  See Doc. 7.  In accordance with the Court's order, a USM285 Process Receipt and Return, Complaint, and Summons was mailed by the

---

[1] In the Complaint, Plaintiff does allege that he suffered from "heat-related illness" during the summer, after officers confiscated his fan.

court to Mr. Perry on October 19, 2010. Pursuant to Rule 4(b)(3) of the Federal Rules of Civil Procedure, Defendant Perry had at least sixty (60) days after October 19, 2010 in which to file an answer or other responsive pleading. Perry filed a timely Motion to Dismiss in lieu of an answer on December 16, 2010. In light of this timely responsive pleading, Perry is not in default. Accordingly, **IT IS RECOMMENDED** that the Plaintiff's Motion for Summary Judgment and Motion for Default Judgment be **DENIED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

## Motion to Dismiss

Defendant Perry has filed a Motion to Dismiss the above-captioned 42 U.S.C. §1983 action. Since plaintiff Holmes is proceeding *pro se*, the court deems it appropriate and necessary to advise him of his obligation to respond to the Defendant's motion and of the consequences which he may suffer if he fails to file a proper response.

Plaintiff is advised:

(1) that a MOTION TO DISMISS has been filed by the defendants;

(2) that he has the right to oppose the granting of that motion; and,

(3) that if he fails to oppose the motion, his claims may be DISMISSED.

The Plaintiff is further advised that, under the procedures and policies of this court, motions seeking dismissal are normally decided on briefs. That is, the court considers the pleadings and briefs filed by the parties in deciding whether dismissal is appropriate under the law. Failure of the Plaintiff to respond, in writing, to the Motion to Dismiss may result in the granting of the motion, without a hearing or any further proceedings.

Accordingly, the Plaintiff is **ORDERED AND DIRECTED** to file a response to Defendant's Motion to Dismiss **ON OR BEFORE JANUARY 7, 2011**. Thereafter, the court will consider the motion and any opposition to the same filed by the plaintiff. If no response is submitted by Plaintiff, the court will consider said motion to be uncontested.

<u>Motion to Stay</u>

In this motion, Defendant Perry requests that discovery in this action be stayed pending resolution of his Motion to Dismiss. Given the nature of his Motion to Dismiss, it is in the interests of justice to stay discovery pending resolution of the motion, in order to avoid any potentially unnecessary costs and burdens associated with further litigation. Accordingly, the motion is **GRANTED** and discovery shall be **STAYED** until defendants' motion to dismiss has been resolved.

**SO ORDERED AND RECOMMENDED**, this 29th day of December, 2010.

                                                   s/ Charles H. Weigle
                                                   Charles H. Weigle
                                                   United States Magistrate Judge