# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **MORRIS SCOTT HOLMES,** | : | |
| Plaintiff, | : | |
| | : | NO. 5:10-CV-355 (MTT) |
| VS. | : | |
| | : | |
| **MR. PERRY,** | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendant Perry alleging, among other things, that Plaintiff Morris Scott Holmes failed to properly exhaust his available administrative remedies prior to filing the instant action. Doc. 15. For the following reasons, it is **RECOMMENDED** that Defendant Perry's Motion to Dismiss be **GRANTED** and that this action **DISMISSED**.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff executed his Complaint in this action on September 14, 2010. Doc. 1. According to Plaintiff, following his release from the administrative segregation unit a Macon State Prison on April 13, 2010, prison officials failed to return his personal property, failed to provide him with needed medical treatment, and failed to comply with their obligations under the prison's grievance procedures. Id. Following an initial review conducted in accordance with 28 U.S.C. § 1915A, Plaintiff's grievance procedure and personal property-related claims were dismissed. See Doc. 7 and Doc. 21. Thus, only Plaintiff's claim of medical deliberate indifference against Defendant Perry

remains. After waiving service of process (Doc.7), Defendant Perry responded by filing the instant Motion to Dismiss.

## DISCUSSION

The Prison Litigation Reform Act (PLRA) mandates that before an incarcerated plaintiff can bring any action under 42 U.S.C. §1983, he must exhaust all of his available administrative remedies. 42 U.S.C. §1997e(a). Moreover, the Eleventh Circuit has made it clear that exhaustion of available administrative remedies is a precursor to a prisoner's filing a civil rights action, even when the administrative procedures set forth by the prison are futile or inadequate. Alexander v. Hawk, F.3d 1321, 1326 (11th Cir. 1998).

Where, as here, a motion seeking dismissal based on the affirmative defense of failure to exhaust is filed, review of the motion involves a two-step process. See Turner v. Burnside, 541 F.3d 1077 (11th Cir. 2008). The court first looks to the factual allegations in the motion seeking dismissal as well as those in the plaintiff's response. If they conflict, the court takes the plaintiff's version of the facts as true. Id. "If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." Id. If the complaint is not subject to dismissal under the plaintiff's version of the facts, the court must proceed to the second step, making specific findings of fact to resolve the disputed factual issues related to exhaustion. Id. At this second stage of the analysis, it is the defendants' burden to prove that the plaintiff failed to exhaust his available administrative remedies. Id.

This case can be resolved at the first stage of the Turner analysis. According to his own version of the facts, Plaintiff has failed to exhaust his administrative remedies prior to filing suit. In his Response to Defendant's Motion to Dismiss (Doc. 22), Plaintiff states that he first filed an

administrative grievance related to his medical treatment on August 26, 2010. After this informal grievance was denied, on September 13, 2010, Plaintiff filed a formal grievance. On September 27, Plaintiff filed an appeal of the warden's decision denying his formal grievance. Plaintiff filed his Complaint in this Court on September 14, 2010, before the grievance procedure had been completed. The PLRA requires a prisoner litigant to exhaust remedies **before** filing suit. In this case, by his own account, Plaintiff filed suit before exhausting his remedies.

Accordingly, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED** and that this action be **DISMISSED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned **WITHIN FOURTEEN (14) DAYS** after being served with a copy thereof.

**SO RECOMMENDED**, this 27th day of June, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge