IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **MORRIS SCOTT HOLMES,** | : | |
| Plaintiff, | : | |
| | : | **Civil Action No.** |
| v. | : | **5:10-CV-355-CAR** |
| | : | |
| **MR. PERRY,** | : | |
| Defendant. | : | |

_____

**ORDER ON MOTION TO PROCEED IFP ON APPEAL**

Currently before the Court is Plaintiff's Motion to Proceed *in forma pauperis* on Appeal. [Doc. 43]. In the Order dismissing this action [Doc. No. 38], the Court adopted the Recommendation of the United States Magistrate Judge and found that Plaintiff's claims were indeed due to be dismissed for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997e(a). Plaintiff has now filed a Notice of Appeal asserting that this Court erred in finding that he was required to exhaust his remedies before filing suit and failed to do so.

Motions to appeal *in forma pauperis* are controlled by 28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24. Section 1915 provides

> (a) (1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
> . . . .
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Federal Rule of Appellate Procedure 24 likewise provides,

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>> (A) shows ... the party's inability to pay or to give security for fees and costs;
>> (B) claims an entitlement to redress; and
>> (C) states the issues that the party intends to present on appeal.
> . . . .
> (3) ... A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless: (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith . . . and states in writing its reasons for the certification or finding . . . .

Therefore, before a party may proceed in an appeal without prepayment of the filing fee, he must show both an inability to pay and that the appeal is brought in good faith. In this case, Plaintiff has submitted an affidavit demonstrating an inability to pay. The Court, however, cannot find that his appeal is taken in good faith. Indeed, the Court has already considered the arguments raised by Plaintiff on appeal and found them frivolous.

The exhaustion of available administrative remedies is a mandatory requirement. Porter v. Nussle, 534 U.S. 516, 523, 122 S. Ct. 983, 152 L.Ed.2d 12 (2002). Moreover, when dismissing a case for failure to exhaust, this Court is not required to consider the adequacy or futility of the administrative remedies afforded to the inmate. Byrum v. Georgia Dept. of Corr., 2011 WL 4083893 at *1 (S.D. Ga. Sept. 13, 2011) (unpublished) (citing Higginbottom v. Carter, 223 F.3d 1259, 1261 (11th Cir. 2000). This Court's only focus is "what remedies are available and whether the inmate pursued these remedies prior to filing suit." Id.

In this case, Plaintiff was not entitled to file suit prior to the exhaustion of his administrative remedies even if, as Plaintiff alleges, the warden failed to respond to his grievance within the thirty-day period allowed. Under the law, Plaintiff was required to exhaust all three steps afforded to him in the prison grievance process prior to filing his lawsuit in federal court. See Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378, 165 L.Ed.2d 368 (2006) ("[Prisoners] must file an administrative grievance and, if the resolution of that grievance is unsatisfactory to them, they must exhaust available administrative appeals."); Dotson v. Allen, 2006 WL 2945967 at (S.D. Ga. Oct. 13, 2006) (noting that under SOP IIB05-0001(C)(1) the warden is entitled to a ten-day extension of time to respond to a grievance and that prisoner was required to then appeal to the Commissioner's Office once the time for response is exceeded).

Plaintiff's own facts establish that he failed to exhaust the remedies available to

him prior to filing suit. See <u>Sewell v. Ramsey</u>, 2007 WL 201269 (S.D. Ga., Jan.27, 2007) (finding that that if a "plaintiff is still awaiting a response from the warden regarding his grievance, he remains in the process of exhausting his administrative remedies"); <u>Callaway v. McRae,</u> 2008 WL 3200728 (M.D. Ga., Aug.5, 2008) (concluding that plaintiff can seek judicial relief when the Commissioner does not respond to an appeal within ninety days). Plaintiff did not file his appeal and allow the Commissioner time to respond prior to filing the present action.

Plaintiff's Motion to Proceed *in forma pauperis* on Appeal [Doc. 43] is, therefore, **DENIED**, and the Court **CERTIFIES** that any appeal from the Court's Order of August 17, 2011 would be frivolous and not brought in good faith.

Any further requests to proceed *in forma pauperis* on appeal should be directed, on motion, to the United States Court of Appeals for the Eleventh Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED, this 22nd day of September 2011.

<u>S/   C. Ashley Royal</u>
C. ASHLEY ROYAL, CHIEF JUDGE
UNITED STATES DISTRICT COURT